UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VICKIE GILBERT, | ) | Case No. 3:18CV2026 |
| | ) | |
| | ) | JUDGE JAMES G. CARR |
| Plaintiff, | ) | Magistrate Judge George J. Limbert |
| v. | ) | |
| | ) | |
| NANCY A. BERRYHILL[1], | ) | INTERIM REPORT AND |
| ACTING COMMISSIONER OF | ) | RECOMMENDATION |
| SOCIAL SECURITY, | ) | OF MAGISTRATE JUDGE |
| | ) | |
| Defendant. | ) | |

This matter is before the undersigned on a motion to dismiss Plaintiff's Appointments Clause Claim filed by Defendant Nancy A. Berryhill, Acting Commissioner of Social Security ("Defendant") on November 30, 2018. ECF Dkt. #12. On December 27, 2018, Plaintiff Vickie Gilbert ("Plaintiff") filed a response to the motion. ECF Dkt. #13. On February 5, 2019, Defendant filed a reply brief. ECF Dkt. #14.

For the following reasons, the undersigned RECOMMENDS that the Court GRANT Defendant's motion to dismiss Plaintiff's Appointments Clause Claim (ECF Dkt. #12) and DISMISS this claim from Plaintiff's complaint.

## I.   FACTUAL AND PROCEDURAL HISTORY

On September 5, 2018, Plaintiff, through counsel, filed a complaint in this Court indicating that on or about July 21, 2015, she filed a claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act. ECF Dkt. #1 at 1. She avers that she appeared before an Administrative Law Judge ("ALJ") on January 12, 2018 for a hearing and the ALJ issued a decision on May 30, 2018 denying her application for DIB. *Id.* Plaintiff further avers that she filed a timely request for review of the ALJ's decision before the Appeals Council and the Appeals Council denied her request on July 26, 2018, which made the ALJ's decision the final decision of Defendant. *Id.*

---

[1]On January 20, 2017, Nancy A. Berryhill became the acting Commissioner of Social Security, replacing Carolyn W. Colvin.

Plaintiff advances two claims in her complaint. ECF Dkt. #1. The first claim alleges that the ALJ who issued the May 30, 2018 decision in her social security case was not properly appointed pursuant to the Appointments Clause of the United States Constitution in Article 2, Section 2, Clause 2. ECF Dkt. #12 at 2. She further alleges that substantial evidence is lacking for the ALJ's decision that she was not disabled under the Social Security Act. *Id.* Defendant's instant motion to dismiss

challenges only the Appointments Clause claim of Plaintiff's complaint. ECF Dkt. #12 at 10.

## II.     LAW AND ANALYSIS

In Defendant's motion to dismiss, she contends that because Plaintiff never presented her Appointments Clause claim to the ALJ or the Appeals Council, she has forfeited the right to bring such a claim before this Court. ECF Dkt. #12 at 2. Plaintiff counters that issue exhaustion is not required in Social Security cases and even if it were, it would have been futile to raise this claim at the administrative level because the Social Security Administration issued an Emergency Message informing the ALJs that they could not discuss or make findings related to Appointments Clause challenges because such challenges were outside the scope of adjudication. ECF Dkt. #13 at 5-8.

The undersigned recommends that the Court GRANT Defendant's motion to dismiss because Plaintiff has forfeited her right to raise the Appointments Clause claim before this Court. In *Lucia v. Securities and Exchange Commission*, the United States Supreme Court ("USSC") held that the appointment of ALJs by the Securities and Exchange Commission ("SEC") to preside over adversarial hearings violated the Appointments Clause of the United States Constitution because the ALJs were appointed by SEC staff members and not by the SEC itself, or by the President, or a court of law.  - - U.S. - - , 138 S.Ct. 2044, 2053, 201 L.Ed.2d 464 (2018). The USSC explained that the Appointments Clause "lays out the permissible methods of appointing 'Officers of the United States,' which is only by the President, a court of law, or a head of department." *Id.* at 2049, 2051. The USSC held that the appropriate remedy for this Appointments Clause violation was a new hearing before an ALJ who was properly appointed. *Id.* at 2055.

Social security claimants have sought to apply *Lucia* to their cases in order to challenge the authority of social security ALJs. In a case very similar to the one at bar, United States Magistrate

Judge Knepp of this District issued a Report and Recommendation that the District Court find that Wreede forfeited her Appointments Clause challenge to the ALJ because she had failed to make this challenge during her administrative proceedings. *Wreede v. Comm'r of Soc. Sec.,* No. 3:19cv164, 2019 WL 1324024, at *21-22 (N.D. Ohio, Mar. 25, 2019)(Report and Recommendation adopted, with no objections to Appointments Clause recommendation). Judge Carr of this District adopted Magistrate Judge Knepp's Report and Recommendation and affirmed the decision of the Social Security Commissioner. *Id*.

In his Report and Recommendation, Magistrate Judge Knepp acknowledged *Lucia* and its holding that the SEC ALJs were "Officers of the United States" and therefore subject to the Appointments Clause appointment by only the President, courts of law, or heads of departments. 2019 WL 1324024, at *21. However, Magistrate Judge Knepp also highlighted the holding in *Lucia* that "with respect to Appointments Clause challenges, only 'one who makes a timely challenge' is entitled to relief." *Id.* at *21, quoting *Lucia*, 138 S.Ct. at 2055 (quoting *Ryder v. U.S.*, 515 U.S. 177, 182-183 (1995). Magistrate Judge Knepp found that, unlike the plaintiff in *Lucia* who had timely presented an Appointments Clause challenge, Wreede did not make such a challenge at the administrative level and she therefore forfeited her Appointments Clause claim. *Wreede,* 2019 WL 1324024, at *22. Magistrate Judge Knepp thus recommended that the Court find that Wreede forfeited the Appointments Clause challenge in her social security case and she could not raise it before the Court. *Id.* He cited to a host of cases holding that even if *Lucia's* Appointments Clause holding applied to ALJs for the Social Security Administration, "plaintiffs forfeit the issue by failing to raise it during administrative proceedings." *Id.,* citing e.g. *Faulkner v. Comm'r of Soc. Sec.*, No. 1:17cv1197-STA-egb, 2018 WL 6059403, at *2 (W.D. Tenn. Nov. 19, 2018); *Page v. Comm'r of Soc. Sec.,* 344 F.Supp.3d 902 (E.D. Mich. 2018); *Davidson v. Comm'r of Soc. Sec*., No. 2:16cv102, 2018 WL 4680327, at *2 (M.D. Tenn. Sept. 28, 2018); *Garrison v. Berryhill*, No. 1:17-302-FDW, 2018 WL 4924554, at *2 (W.D.N.C. Oct. 10, 2018); *Stearns v. Berryhill*, No. C17-2031-LTS, 2018 WL 4380984, at *5 (N.D. Iowa Sept. 14, 2018); *Trejo v. Berryhill*, No. EDCV 17-0879-JPR, 2018 WL 3602380, at *3 n.3 (C.D. Cal. July 25, 2018).

Additional cases in this Circuit have affirmed such a holding. In *Axley v. Commissioner of Social Security Administration*, No. 1:18-cv-1106-STA-cgc, 2019 WL 489998 (W.D. Tenn. Feb. 7, 2019), the United States District Court for the Western District of Tennessee denied Axley's motion to remand his social security case based upon the ALJ's lack of authority under the Appointments Clause. The *Axley* Court relied upon its prior holding in *Faulkner*, 2018 WL 6059403 (W.D. Tenn. Nov. 19, 2018), in which it denied Faulkner's motion to remand his case because he had failed to show good cause for not raising the Appointments Clause claim at the administrative level. 2019 WL 489998, at *1. The *Axley* Court held that Axley had failed to identify his Appointments Clause challenge at any step in the social security administrative process and he failed to show good cause for failing to do so. *Id*. at *3. Similarly here, Plaintiff failed to raise her Appointments Clause challenge concerning the ALJ at the administrative level.

Axley raised an additional argument in his case that Plaintiff also raises in the instant case. He asserted that his failure to raise the Appointments Clause claim before the ALJ should have been excused because it would have been futile to do. 2019 WL 489998, at *2. Like Plaintiff in the instant case, Axley cited to an Emergency Message issued by the Social Security Administration to ALJs in January of 2018 directing them to merely acknowledge Appointments Clause challenges "[b]ecause SSA lacks the authority to finally decide constitutional issues such as these." Social Security Administration EM-18003, Important Information Regarding Possible Challenges to the Appointment of Administrative Law Judges in SSA's Administrative Process *Id.* Axley argued that had he raised this claim before the ALJ, the ALJ would have merely noted the challenge and not have ruled on it because of this emergency message. *Id*. The *Axley* Court nevertheless found that "this would at least have preserved the issue." *Id.* Similarly in the instant case, "Plaintiff failed to make any noise regarding her Appointments Clause challenge during the administrative proceedings." *Flack v. Comm'r of Soc. Sec.*, No. 2:18-cv-501, 2018 WL 6011147, at *3 (S.D. Ohio Nov. 16, 2018)(since plaintiff did not raise Appointments Clause challenge before the ALJ or Appeals Council, she forfeited the challenge), Report and Recommendation adopted in 2019 WL 1236097 (S.D. Ohio Mar. 18, 2019). Accordingly, the undersigned recommends that the Court find

that Plaintiff has forfeited raising this issue before this Court as she could have at least preserved the issue by raising it before the ALJ or at anytime during the administrative process.

Moreover, in adopting the United States Magistrate's Report and Recommendation in *Flack*, the United States District Court for the Southern District of Ohio cited to many of the same cases cited to in *Wreede* and other cases that had also concluded that "a plaintiff's failure to raise the Appointments Clause issue before the ALJ results in forfeiture of that claim upon judicial review." *Flack*, 2019 WL 1236097, citing *Page*, 2018 WL 5668850, at *3; *Faulkner*, 2018 WL 6059403, at *3; *Davidson*, 2018 WL 4680327, at *2; *Salmeron v. Berryhill*, No. CV 17-3927, 2018 WL 4998107, at *3 n.5 (C.D. Cal. Oct. 15, 2018); *Iwan v. Comm'r of Soc. Sec.*, No. 17-cv-97, 2018 WL 4295202, at *9 (N.D. Iowa Sept. 10, 2018); *Stearns*, 2018 WL 4380984, at *6; *Thurman v. Comm'r of Soc. Sec.*, No. 17-cv-35-LRR, 2018 WL 4300504, at *9 (N.D. Iowa Sept. 10, 2018); *Williams v. Berryhill*, No. 2:17-cv-87, 2018 WL 4677785, at * *2-3 (S.D. Miss. Sept. 28, 2018); *Garrison v. Berryhill*, No. 1:17-cv-00302, 2018 WL 4924554, at *2 (W.D.N.C. Oct. 10, 2018). Citing *Willis v. Comm'r of Soc. Sec.,* No. 1:18-CV-158, 2018 WL 6381066, at *3 (S.D. Ohio Dec. 6, 2018).  For these reasons, this Court should find no merit to Plaintiff's assertion that the Court should excuse her failure to raise the issue before the ALJ because it was futile to do so based upon the emergency message sent to the ALJs.

Finally, Plaintiff in the instant case cites to social security regulations and the USSC's ruling in *Sims v. Apfel*, 530 U.S. 103, 120 S.Ct. 2080, 147 L.Ed.2d 80 (2000) to assert that social security claimants are not required to exhaust all issues in order to preserve their rights upon judicial review. ECF Dkt. #13 at 2-5.  In *Sims*, the USSC held that, "[c]laimants who exhaust administrative remedies need not also exhaust issues in a request for review by the [Social Security] Appeals Council in order to preserve judicial review of those issues." *Id*. at 112.  Plaintiff concludes on the basis of *Sims* that she was therefore not required to exhaust the instant Appointments Clause issue before the ALJ or the Appeals Council.  *Id*.

However, the USSC specifically noted in *Sims* that "[w]hether a claimant must exhaust issues before the ALJ is not before us." 530 U.S. at 107.  In *Flack*,  the United States District Court for the Southern District of Ohio found no merit to the same *Sims* assertion that Plaintiff makes here.  The

*Flack* Court specifically held that *Sims* "stands for the proposition that Plaintiff need not raise an argument at the Appeals Council in order to preserve the argument for review. But *Sims* does not discuss ALJs. Because *Sims* did not address the need for exhaustion to preserve an argument in front of an ALJ, the rule and reasoning is unavailing in this context." *Flack*, 2019 WL 1236097, at *2. The *Flack* Court found that Flack's reliance on *Sims* was therefore misplaced and she misinterpreted the issue exhaustion requirements. 2019 WL 1236097, at *2. The Court cited to a number of court cases in the Sixth Circuit finding that *Sims* addressed only whether a claimant was required to present all relevant issues before the Appeals Council. *Id.*, citing *e.g.*, *Stevens v. Comm'r of Soc. Sec.*, No. 2:14-CV-2186, 2016 WL 692546, at *11 & n.6 (S.D. Ohio Feb. 22, 2016), Report and Recommendation adopted, 2016 WL 1156518 (S.D. Ohio Mar. 24, 2016); *Benedict v. Comm'r of Soc. Sec.*, No. 1:13-CV-2026, 2014 WL 3053305, at *14 (N.D. Ohio July 7, 2014) ("[t]he *Sims* Court did not address whether a claimant would waive judicial review by failure to raise an issue before the ALJ."); *Monateri v. Comm'r of Soc. Sec.*, No. 1:08-CV-1297, 2009 WL 10679740, at *2 (N.D. Ohio Oct. 19, 2009), aff'd, 436 F. App'x 434 (6th Cir. 2011) (*Sims* did not address whether a claimant has to exhaust issues before the ALJ). The undersigned recommends that the Court agree with the *Flack* Court and other courts in this Circuit that have held that *Sims* does not apply to whether a claimant has to exhaust an issue before an ALJ because the Supreme Court in *Sims* specifically noted that this issue was not before it. *Id.* Thus, *Sims* is inapplicable to Plaintiff's assertion that she was not required to raise her Appointments Clause claim before the ALJ.

### III.   CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the Court GRANT Defendant's motion to dismiss Plaintiff's Appointments Clause claim (ECF Dkt. #12) and dismiss this claim from Plaintiff's complaint in the instant case. Should the Court adopt the undersigned's

Inaterim Report and Recommendation, the undersigned shall set a briefing schedule following the filing of the Court's Memorandum Opinion & Order.

Date: April 3, 2019                             */s/ George J. Limbert*
                                                GEORGE J. LIMBERT
                                                UNITED STATES MAGISTRATE JUDGE

    ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).