# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Vickie Gilbert,	Case No. 3:18CV2026

    Plaintiff

    v.	**ORDER**

Commissioner of Social Security,

    Defendant

    This is a Social Security appeal. Plaintiff Vickie Gilbert appeals the Commissioner's decision denying her application for benefits.

    Gilbert challenges the Commissioner's decision for two reasons, alleging that: 1) the ALJ that heard her claim was not properly appointed under the Appointments Clause of the Constitution, and 2) the Commissioner's decision is not supported by substantial evidence.

    Pending is Magistrate Judge George L. Limbert's Report and Recommendation (Doc. 15), which recommends that I grant the Commissioner's motion to dismiss Gilbert's Appointments Clause claim (Doc. 12). Gilbert has filed objections. (Doc. 16).

    On de novo review of the R&R, *see* 28 U.S.C. § 636(b)(1), I overrule the objections, adopt the R&R, and grant the Commissioner's motion to dismiss.

## Background

    On July 22, 2015, Gilbert applied for disability benefits. (Doc. 11 at 198-99). The ALJ denied her application on May 30, 2018. In his decision, the ALJ found that Gilbert suffers from

multiple severe impairments but has the residual functional capacity to perform light work with certain limitations and, within that RFC, can perform past relevant work. (*Id.* at 61-63).

On or about June 1, 2018, Gilbert appealed the ALJ's decision. (Doc. 11 at 12). The Appeals Council denied her request for review on July 26, 2018. (*See* Doc. 11 at 7).

In the meantime, on June 21, 2018, the U.S. Supreme Court, in *Lucia v. Securities & Exchange Commission*, 138 S.Ct. 2044 (2018), held that ALJs for the SEC must be appointed under the Appointments Clause of the Constitution.

The *Lucia* opinion and its preceding circuit split prompted questions about whether all administrative agencies must appoint ALJs under the Appointments Clause. Consequently, while *Lucia* remained pending, the Social Security Administration issued Emergency Message (EM) 18003 (Doc. 13-1). The emergency memo instructed ALJs to "acknowledge" Appointments Clause objections made before them and note such objections on decision records but barred the Appeals Council from "acknowledge[ing], mak[ing] findings related to, or otherwise discuss[ing] Appointments Clause issue[s]." (*Id.* 3 (internal quotations omitted)). The emergency memo concluded that "challenges to the constitutionality of the appointment of SSA's ALJs are outside the purview of administrative adjudication[.]" (*Id.*).

On July 16, 2018, in response to *Lucia*, the SSA's Acting Commissioner "ratified the appointments of [its] ALJs[.]" SSR 19-1P, 2019 WL 1324866, *2 (citing EM 18003 REV 2, *available at* https://secure.ssa.gov/apps10/reference.nsf/links/08062018021025PM). Then, on August 6, 2018, SSA issued a revised emergency memo, which instructed the Appeals Council

to evaluate Appointments Clause challenges raised in requests for review, including those predating the Acting Commissioner's ratification. EM 18003 REV 2, *supra*.[1]

On September 5, 2018, Gilbert voiced her Appointments Clause claim for the first time when she filed her complaint in this court. (Doc. 1).

In his R&R, Magistrate Judge Limbert recommends that I grant the Commissioner's motion to dismiss because Gilbert forfeited her Appointments Clause claim by waiting until she filed her complaint to raise it. (Doc. 15 at 6).

**Discussion**

Under the Appointments Clause of the Constitution, "Congress may . . . vest the Appointment of . . . Officers [of the United States] . . . as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments." U.S. CONST. art. II, § 2, cl. 2.

"[O]ne who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to a decision on the merits of the question and whatever relief may be appropriate if a violation indeed occurred." *Ryder v. United States*, 515 U.S. 177, 182-83 (1995). The Court in *Lucia*, *supra*, 138 S.Ct. at 2055, found the petitioner's challenge timely because he raised it "before the Commission, and continued pressing [it] in the Court of Appeals and th[e Supreme] Court." But neither the Supreme Court nor the Sixth Circuit has set a stopwatch time at which Appointments Clause challenges become untimely.

---

[1] I take judicial notice of EM 18003 and EM 18003 REV 2 because those documents are "'capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned[,]'" that is, the SSA website. *See Bowers v. Wynne*, 615 F.3d 455, 470 (6th Cir. 2010) (quoting Fed. R. Evid. 201(b)). I may consider such "matters of which a court may take judicial notice" in evaluating a motion to dismiss. *See id.* (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.* 551 U.S. 308, 322 (2007) (internal quotations omitted)).

I refer to EM 18003 as the "emergency memo" and EM 18003 REV 2 as the "revised emergency memo."

3

The Commissioner argues that Gilbert's challenge is untimely because she forfeited it by failing to raise it before the agency. Gilbert counters that Social Security claimants need not administratively exhaust issues to preserve them for judicial review. Alternatively, she claims that I should excuse exhaustion in this case.

I agree with the Commissioner.

## I. The Exhaustion Requirement Applies

"[C]ourts require administrative issue exhaustion 'as a general rule' because it is usually 'appropriate under an agency's practice' for 'contestants in an adversary proceeding' before it to develop fully all issues there." *Sims v. Apfel*, 530 U.S. 103, 109 (2000) (quoting *United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 36-37 (1952)).

Gilbert argues that *Sims* eliminates the exhaustion requirement in Social Security cases. I disagree.

In *Sims*, *supra*, 530 U.S. at 112, the Supreme Court held that a Social Security claimant may bring issues before a court even if the claimant failed to exhaust them before the Appeals Council. The Court so held because "Social Security proceedings are inquisitorial rather than adversarial[,]" and, therefore, the reason for requiring exhaustion – that is, the extent to which administrative actions mirror judicial proceedings – "is at its weakest in this area." *Id.*

Gilbert's argument "overextends *Sims*'s limited holding." *Hutchins v. Berryhill*, --- F. Supp. 3d. ----, 2019 WL 1353955, *3 (E.D. Mich.); *accord Flack v. Comm'r of Soc. Sec'y*, 2019 WL 1236097, *2 (S.D. Ohio); *Fitzgerald v. Berryhill*, 2019 112566, *3 (W.D. Ky.). Indeed, "[w]hether a claimant must exhaust issues before the ALJ" – or before the agency, generally – was "not before" the Court in *Sims*. 530 U.S. at 107, 108.

Plus, *Sims* is distinguishable. In that case, the claimant challenged how the ALJ evaluated the evidence, so her objections could not materialize until the ALJ issued a decision. *See* 530 U.S. at 105-06. Conversely, here, the grounds for Gilbert's Appointments Clause challenge arose when SSA assigned the ALJ to her claim. Accordingly, Gilbert had an opportunity, not available in *Sims*, to voice her objection.

I therefore find that the exhaustion requirement applies in this case.

## II. Exhaustion Is Not Excused in This Case

Gilbert alternatively argues that I should excuse her from exhausting her claim.

### 1. Futility

A court may excuse a plaintiff from exhaustion where it "would be futile[.]" *See Hill v. Blue Cross & Blue Shield*, 409 F.3d 710, 717 (6th Cir. 2005).

Gilbert argues that, here, exhaustion would have been futile because the emergency memo rendered "the ALJ [and] the Appeals Council . . . [in]competent to decide the Appointments Clause issue[.]" (Doc. 16 at 4). I disagree.

"[T]he crucible of administrative review ensures that the petitioner's case presents a true constitutional dispute before the Judiciary steps in to decide those weighty issues." *Jones Bros., Inc. v. Sec'y of Labor*, 898 F.3d 669, 676 (6th Cir. 2018). "Administrative exhaustion is thus typically required so long as there is the 'possibility of some relief for the action complained of,' even if it is not the petitioner's preferred remedy." *Id.* (quoting *Booth v. Churner*, 532 U.S. 731, 738 (2001)).

In *Jones Brothers, Inc.*, *supra*, the Sixth Circuit held that the exhaustion requirement applied to petitioners' Appointments Clause challenge before the Mine Commission.[2] 898 F.3d at 672, 674 (citing 30 U.S.C. § 823(b)). The court offered the following hypothetical to demonstrate the futility exception:

> Imagine an alternative Mine Act that said, "the Chief Administrative Law Judge shall appoint two administrative law judges to adjudicate borrow pit enforcement actions." If administrative law judges are inferior officers, the Commission would have no way to cure the constitutional violation. The Mine Commission is bound by the Mine Act, and there is no permissible way to interpret that hypothetical statute in a manner consistent with the Appointments Clause. In that setting, it would be futile to bring that claim to the Commission and senseless for an Article III court to enforce forfeiture.

*Id.* at 677.

Accordingly, "[w]hat matters . . . is [whether] the [agency] was fully suited to entertain the claim and remedy any error at the time" of administrative review. *Id.*

Despite SSA's instructions in the emergency memo, it was fully suited to entertain Gilbert's claim (*see* Doc. 13-1).

"The Supreme Court has offered good reasons why a seemingly rigid agency policy against a litigant's position[,]"– as opposed to a statutory or regulatory mandate – "should not excuse the requirement to raise objections at the administrative level[.]" *Fortin v. Comm'r of Soc. Sec'y*, --- F. Supp. 3d ----, 2019 WL 1417161, *6 (E.D. Mich.) (quoting *L.A. Tucker Truck Lines, Inc.*, *supra*, 344 U.S. at 36-37). In *L.A. Tucker Truck Lines*, 344 U.S. at 37, the Supreme Court rejected an argument that an internal policy requiring the agency to reject Administrative Procedure Act appointments challenges rendered exhaustion futile:

> [T]he Commission is obliged to deal with a large number of like cases. Repetition of the objection in them might lead to a change of policy, or, if it did not, the

---

[2] The court in *Jones Brothers, Inc.*, *supra*, 898 F.3d at 677-78, ultimately excused the exhaustion requirement because there was uncertainty surrounding whether the Mine Commission could hear the objection and because petitioners flagged the issue for the agency.

Commission would at least be put on notice of the accumulating risk of wholesale reversals being incurred by its persistence. Simple fairness to those who are engaged in the tasks of administration, and to litigants, requires as a general rule that courts should not topple over administrative decisions unless the administrative body not only has erred but has erred against objection made at the time appropriate under its practice.

Indeed, a "change of policy," *see id.*, perhaps due in part to repeated Appointments Clause challenges, occurred here. In the revised emergency memo, SSA adjusted its internal policy to mandate that the Appeals Commission evaluate Appointments Clause claims, including those in requests for review predating the Acting Commissioner's ratification decision. EM 18003 REV 2, *supra*.

Accordingly, if Gilbert had objected to the ALJ's appointment in her June 1, 2018 request for review, the Appeals Council would have evaluated her challenge under SSA's new policy. And, had Gilbert submitted her objection to SSA, she may have sparked this policy change in concert with other challengers. *See L.A. Tucker Truck Lines, Inc.*, *supra*, 344 U.S. at 37-38.

I therefore will not excuse Gilbert's failure to exhaust for futility.

## 2. Extenuating Circumstances

Gilbert asks me to adopt the reasoning in *Bizarre v. Berryhill*, 364 F. Supp. 3d 418 (M.D. Pa. 2019) to excuse exhaustion in this case.[3] I decline to do so.

In *Bizarre*, *supra*, 364 F. Supp. 3d at 420, the court "br[oke] from the emerging consensus of federal district courts" by holding that Social Security claimants need not exhaust issues before SSA. Going one step further, the court excused exhaustion, relying on *Freytag v. Commissioner of Internal Revenue*, 501 U.S. 868 (1991).

---

[3] Gilbert addresses *Bizarre*, *supra*, in her futility objection (Doc. 16 at 4-7), but that court in that case did not make a futility finding. *See* 364 F. Supp. 3d 418.

7

In *Freytag*, *supra*, 501 U.S. at 878-79, the Supreme Court explained that "Appointments Clause Objections to judicial officers" are "in the category of nonjurisdictional structural constitutional objections that could be considered on appeal whether or not they were ruled upon below[.]" The Court then "conclude[d] that this is one of those rare cases in which [it] should exercise [its] discretion to hear petitioners' challenge to the constitutional authority of the [Tax Court] Special Trial Judge." *Id.* at 879.

I disagree with the *Bizarre* court's application of *Freytag*. The Court in *Freytag* "did not create a categorical rule excusing Appointments Clause challenges from general waiver and forfeiture principles." *Hutchins*, *supra*, 2019 WL 1353955 at *3 (citing 501 U.S. at 879). And the *Bizarre* claimant, like Gilbert, could have discovered his claim as early as 1) June, 2017, when the circuit split preceding *Lucia* arose, or 2) January, 2018, when the Supreme Court granted certiorari in *Lucia*.[4] Yet, the *Bizarre* claimant slept on his challenge until July, 2018. *See* 364 F. Supp. 3d at 422, 424 (citing claimant's reply before magistrate).

But, in any event, this case is unlike *Bizarre*.

Gilbert's late Appointments Clause claim is "disingenuous," *Freytag*, *supra*, 501 U.S. at 879, at worst, and ignorant, at best. The claimant in *Bizarre*, *supra*, 364 F. Supp. 3d at 422, raised his Appointments Clause claim weeks after *Lucia*'s announcement, and he did so in the only forum then available to him: the district court where his case was already pending. 364 F. Supp. 3d at 422. In contrast, Gilbert let two and one-half months – and the opportunity to add the

---

[4] *See Lucia*, *supra*, 138 S.Ct. at 2050 (noting split between Tenth and D.C. Circuits) (internal citations omitted); *Lucia v. Secs. & Exch. Comm'n*, 138 S.Ct. 736 (2018) (granting certiorari).

Moreover, the claimant in *Lucia*, *supra*, 138 S.Ct. at 2055, did not have the benefit of his own case to alert him of his Appointments Clause challenge. Presumably, then, both the *Bizarre* claimant and Gilbert could have come up with their objections before the circuit split preceding *Lucia* arose.

Appointments Clause issue to her request for review, which remained before the Appeals Council – pass before voicing her challenge.

In light of Gilbert's extended delay, I will not excuse exhaustion.

## Conclusion

It is, therefore, hereby

ORDERED THAT

1. Gilbert's objections to the Magistrate Judge's Report and Recommendation (Doc. 16) be, and the same hereby are, overruled;

2. The Magistrate Judge's Report and Recommendation (Doc. 15) be, and the same hereby is, adopted as the order of the court; and

3. The Commissioner's motion to dismiss (Doc. 12) be, and the same hereby is, granted.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge